**SO ORDERED.**

**SIGNED this 19th day of July, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| KEVIN D. KOHLER & ELVIA R. KOHLER | 10-51409-C |
| DEBTORS | CHAPTER 7 |

### ORDER DENYING REAFFIRMATION AGREEMENT AND DECLARING SECURED CREDITOR'S RIGHTS

CAME ON for consideration the foregoing matter. The court disapproves the reaffirmation agreement between the debtors and American Home Mortgage Servicing, Inc., because the loan is a home equity loan. Home equity loans in Texas do not impose personal liability on borrowers in this state and thus are not the subject of discharge. Discharge only affects personal liability, not *in rem* liability. This is an *in rem* obligation. Because the claim is not affected by the discharge, it does not need to be reaffirmed. What is more, reaffirmations of home equity loans in Texas violate public policy and threaten the constitutional protections afforded home owners by the Texas Constitution. They are never permitted by this court. *See In re Rios*, Bankr. Case No. 07-51263 (slip op.) (Bankr. W.D.Tex. Aug. 20, 2007).

Notwithstanding such denial, the court finds and concludes that the creditor holds a valid and enforceable *in rem* claim. The creditor is accordingly expressly authorized and permitted to enforce the obligation of the debtors to the creditor as an *in rem* obligation, such enforcement rights to specifically include the right to notify the debtor of payments that are or are to become due either orally or in writing (including the right to send regular payment statements, payment booklets, and the like), the right to demand payment when such payments are not made (either in full or in part), the right to threaten resort to *in rem* remedies in the event of non-payment, the right to accelerate the indebtedness incident to enforcement of *in rem* remedies, the right to give notice of foreclosure sale, the right to initiate judicial or nonjudicial foreclosure as an *in rem* remedy, and the right to conduct and complete (either directly or indirectly) such foreclosure sale, so long as all of the foregoing are conducted in accordance with the terms of the indebtedness, and further in accordance with applicable non-bankruptcy law. None of the foregoing shall ever constitute a violation of the discharge injunction entered in this case pursuant to section 524(a) of title 11.

Further, the creditor is authorized and permitted to communicate with the debtor regarding the status of the account, either orally or in writing, and the debtors are authorized and permitted to obtain information from the creditor, either orally or in writing, regarding the status of the account. The creditor is authorized and permitted to afford to the debtors the same services with respect to this account as they would enjoy had there been no bankruptcy, including, as applicable, internet access to the account, the use of electronic funds transfers as a means of payment, and the right to receive regular billing statements and regular escrow updates. The provision of all such services shall never constitute a violation of the discharge injunction entered in this case pursuant to section 524(a) of title 11.

Further, the creditor is authorized and permitted to renegotiate the terms of the indebtedness

with the debtors (provided that such renegotiated indebtedness shall remain solely an *in rem* liability of the debtors), to provide payoff amounts for the purposes of any refinancing with a third party, or for the purposes of a sale of the underlying property. The provision of any of the foregoing shall never constitute a violation of the discharge injunction entered in this case pursuant to section 524(a) of title 11.

Once the creditor has enforced its *in rem* remedies, the creditor is barred by the discharge injunction from taking any steps to further enforce the obligation, as an *in personam* liability of the debtors, either directly or indirectly, by judicial action or otherwise.

# # #